Filed 5/14/13  P. v. Rainer CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B243921 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA043795) |
| v. | |
| WILLIAM RAINER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Bernie C. LaForteza, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant William Rainer (defendant) pleaded no contest to two counts of battery by a prisoner on a non-confined person (Pen. Code, § 4501.5[1]), and he was subsequently found to be in violation of his probation. On appeal, appointed counsel for defendant filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that this court conduct an independent review of the record to determine if there are any issues which if resolved in defendant's favor would require reversal or modification of the judgment. On March 22, 2013, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. We granted defendant an extension of time through and including May 11, 2013, within which to file his brief. Defendant filed a letter brief in which he contends that the criminal action be "dismiss[ed]" because he was found to be in violation of his probation by a different trial judge than the trial judge who originally placed him on probation, and because he did not receive a timely preliminary hearing in a prior dismissed case, his constitutional and statutory rights were violated. We have reviewed the record and affirm the judgment.

## BACKGROUND

On May 26, 2009, defendant plead no contest to two counts of battery by a prisoner on a non-confined person in violation of section 4501.5. The trial court sentenced defendant to state prison for a term of 4 years, execution of the sentence was suspended, and defendant was placed on formal probation for a period of three years. Defendant was ordered to pay certain fines and fees, including the cost of his probation services.

On June 17, 2010, the trial court revoked defendant's probation and issued a bench warrant for defendant's arrest after defendant failed to appear at a hearing pursuant to the

---

[1] All statutory citations are to the Penal Code unless otherwise noted.

probation department's warrant request. On September 16, 2010, a probation officer submitted a report stating that defendant violated the terms of his probation by failing to report to probation as directed and to make certain required payments. On September 28, 2010, defendant admitted that he violated the terms of his probation by failing to report to probation as directed. The trial court sentenced defendant to a term of 365 days in county jail with a "waiver of all back time credits," reinstated defendant's probation, and ordered defendant to report for financial evaluation.

On July 1, 2011, a probation officer submitted a report stating that defendant violated the terms of his probation by failing to make certain required payments and to report for financial evaluation. The trial court revoked defendant's probation. On July 21, 2011, the trial court ordered defendant to meet with the financial advisor and to make payments as directed by the probation department, and that defendant's probation be reinstated.

On May 2, 2012, the trial court revoked defendant's probation for failing to report to probation as directed. On August 24, 2012, after a violation of probation hearing, the trial court—a different trial judge than the trial judge who originally placed defendant on probation on May 26, 2009—found that defendant violated the terms of his probation. The trial court ordered that the sentence previously imposed and suspended on May 26, 2009, be "placed into full force and effect." The trial court sentenced defendant to state prison for a term of four years, and awarded defendant 73 days of custody credit consisting of 37 days of actual custody credit and 36 days of conduct credit. On September 10, 2012, defendant filed a notice of appeal of the August 24, 2012, judgment.

## DISCUSSION

### A.     Violation of Probation

Defendant contends that "a peremptory writ of mandate be issue[d] commanding [the trial] court to dismiss the action against" him because the "matter [of his probation] violation should have been" adjudicated by the trial judge who, on May 26, 2009,

3

originally placed him on probation instead of the trial judge who, on August 24, 2012, found defendant to be in violation of his probation and ordered that his original May 26, 2009, sentence be placed in full force and effect. We disagree.

Defendant's request that we issue a peremptory writ of mandate directing the trial court to dismiss the action is not appropriate because defendant filed an appeal, not a petition for writ of mandate. Moreover, defendant does not establish that he is entitled to any relief. The trial judge who placed defendant on probation stated at the time, "[Y]ou are going to be on probation to me since I am responsible for this and can monitor you . . . ." Characterizing this as a statement by the trial judge who placed him on probation that she "would perform the sentencing function" if defendant violated probation, defendant argues that he relied on that statement when he pleaded no contest on May 26, 2009 to two counts for violation of section 4501.5.

In *People v. Arbuckle* (1978) 22 Cal.3d 749 (*Arbuckle*), the court stated: "As a general principle . . . whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea." (*Id*. at pp. 756-757.) The court in *Arbuckle* ruled that "[b]ecause the defendant has been denied that aspect of his plea bargain, the sentence imposed by another judge cannot be allowed to stand." (*Id*. at p. 757.)

After the trial court ruled on August 24, 2012, that defendant had violated the terms of his probation, defendant objected on the ground that his rights under *Arbuckle*, *supra*, 22 Cal.3d 749, had not been waived. *Arbuckle*, however, is inapplicable. The trial judge who accepted defendant's May 26, 2009, no contest plea bargain imposed sentence on defendant, and then suspended that sentence and placed defendant on formal probation for a period of three years. *Arbuckle* does not require that the trial judge who accepts the plea bargain and imposes sentence must also preside over any subsequent probation revocation hearing.

4

Moreover, even if *Arbuckle*, *supra*, 22 Cal.3d 749 were applicable, defendant waived or forfeited any such right under that case because he did not timely object at the August 24, 2012, hearing on that ground. "Failing to timely object to a purported error when it occurs in the trial court ordinarily waives the objection on appeal. (*Jensen v. BMW of North America, Inc*. (1995) 35 Cal.App.4th 112, 131 [41 Cal.Rptr.2d 295].)" (*Padilla v. Greater El Monte Community Hospital* (2005) 129 Cal.App.4th 667, 670.) The failure to object when faced with a different sentencing judge constitutes a waiver of the right to enforce the implied term of the plea bargain if "the *record* demonstrate[s] the defendant's knowledge of his *Arbuckle* rights . . . ." (*People v. Rosaia* (1984) 157 Cal.App.3d 832, 840, overruled on other grounds as stated in *People v. Horn* (1989) 213 Cal.App.3d 701, 708.) Defendant failed to object on the ground that his rights under *Arbuckle*, *supra*, 22 Cal.3d 749 would be violated before the trial court ruled on August 24, 2012, but he objected after the trial court ruled. Defendant, therefore, knew of his *Arbuckle* rights but nonetheless waived or forfeited those rights by failing to timely object.

In addition, even if *Arbuckle*, *supra*, 22 Cal.3d 749 were applicable and defendant did not waive or forfeit his rights under that case, "'"[i]t is not always an implied term of a plea bargain that the judge who accepts the plea will impose the sentence; rather, the record must affirmatively demonstrate some basis upon which a defendant may reasonably expect that the judge who accepts the plea will retain sentencing discretion. [Citation.]" [Citation.]'" (*People v. Horn*, *supra*, 213 Cal.App.3d at pp. 707-708.) We conclude that defendant's characterization of the statement by the trial judge who placed defendant on probation would sentence defendant if he violated probation is unreasonable. Merely because the trial judge said at the time of accepting defendant's plea bargain that she was responsible for this matter, and can monitor defendant's probation, it does not reasonably mean that this would occur for a period extending to when defendant completed his probation requirements, or that she would preside over any subsequent probation revocation hearing. Furthermore, the lack of a timely objection at the August 24, 2012, hearing suggests that defendant did not enter his May 26, 2009,

5

plea in reliance on or with the understanding that the judge accepting his plea would also preside over any subsequent probation revocation hearing. (*People v. Horn*, *supra*, 213 Cal.App.3d at p. 709.)

### B. Prior Case

Defendant contends that because he was not provided with a timely preliminary hearing in one of his prior cases—case number MA 036195—his constitutional rights of due process, of equal protection, and to a speedy trial were violated. Defendant, however, appealed his August 24, 2012, judgment—in case number MA 043795— finding him in violation of his probation. He did not appeal any judgment or appealable order regarding case number MA 036195. Case number MA 036195 was dismissed in January 2007.

### C. Review

In addition to reviewing and addressing the matters raised in defendant's letter brief, we have made an independent examination of the entire record to determine if there are any other arguable issues on appeal. Based on that review, we have determined that there are no other arguable issues on appeal. We are therefore satisfied that defendant's counsel has fully complied with counsel's responsibilities under *People v. Wende*, *supra*, 25 Cal.3d 436.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:


ARMSTRONG, Acting P. J.


KRIEGLER, J.